IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PLANT OIL POWERED DIESEL FUEL SYSTEMS, INC.,

    Plaintiff,

vs.                                                                                    No. CIV 11-0103 JB/WPL

EXXONMOBIL CORPORATION; ROYAL DUTCH SHELL, PLC; BP, PLC; CHEVRON CORPORATION; CONOCOPHILLIPS; ASTM INTERNATIONAL f/k/a AMERICAN SOCIETY FOR TESTING AND MATERIALS; BP PRODUCTS NORTH AMERICA, INC.; and CHEVRON USA, INC.

    Defendants.

## MEMORANDUM OPINION OR ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Accept Filings Under Rule 59(e) on August 22, 2011, filed August 23, 2011 (Doc. 95)("Motion"). The Court held a hearing on December 15, 2011. The principle issue is whether the Court may consider a motion for reconsideration brought under rule 59(e) of the Federal Rules of Civil Procedure that is filed more than 28 days after entry of judgment. Because the Court concludes that the Federal Rules of Civil Procedure and controlling precedent do not permit such consideration, the Court will deny the Motion.

## PROCEDURAL BACKGROUND

The Court entered Final Judgment in favor of the Defendants on July 21, 2011. See Doc. 84, at 1. At some point between that date and August 22, 2011, Plaintiff Plant Oil Powered Diesel Fuel Systems, Inc. ("POP Diesel") terminated its former legal counsel, and Claude D. Convisser, who is the POP Diesel's President and General Counsel, formally entered his appearance as POP

Diesel's counsel on August 22, 2011. See Entry of Appearance of Claude D. Convisser on Behalf of Plaintiff Plant Oil Powered Diesel Fuel Systems, Inc., filed August 22, 2011 (Doc. 93); Plaintiff's Motion for Leave for Its Former Counsel Gray Plant Mooty Mooty & Bennett, P.A. to Withdraw, filed August 22, 2011 (Doc. 94). POP Diesel filed the Motion and a Motion to Reconsider Dismissal with Prejudice and for Leave to File a Third Amended Complaint, filed August 23, 2011 (Doc. 96)("Motion to Reconsider"), thirty-three days after entry of the Final Judgment. See Docs. 95, 96. POP Diesel states, however, that the Motion to Reconsider is brought "pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure," Motion to Reconsider at 1 (emphasis added), "due to the errors of its Minnesota counsel that were unauthorized by, and in most cases, unknown at the time, to it," Plaintiff's Memorandum in Support of Its Motion to Reconsider Dismissal with Prejudice and for Leave to File a Third Amended Complaint at 15, filed August 23, 2011 (Doc. 97)("Memo to Reconsider").

Defendant Exxon Mobil Corporation objects to consideration under rule 59(e) on the basis of untimeliness. See Defendant Exxon Mobil Corporation's Opposition to Motion to Reconsider Dismissal with Prejudice and for Leave to File Third Amended Complaint at 3-4, filed September 13, 2011 (Doc. 101). In its reply brief, the POP Diesel limited its argument to reconsideration under Rule 60(b). See Plaintiff's Consolidated Reply to the Defendants' Opposition to Its Motion to Reconsider Dismissal with Prejudice and for Leave to File a Third Amended Complaint at 1, filed September 20, 2011 (Doc. 102)("Reply")("POP Diesel seeks relief under four parts of Rule 60(b)."). At the December 15, 2011 hearing, Mr. Convisser conceded: "I think that opposing counsel pointed out valid rules and case law which would argue strongly that in fact [the motion to reconsider under rule 59(e)] was, indeed, filed beyond the appropriate time frame to begin with." Transcript of

Hearing at 6:2-5 (taken December 15, 2011)(Convisser)("Tr.").[1]

## **LAW REGARDING MOTIONS TO RECONSIDER UNDER RULE 59(e)**

The Federal Rules of Civil Procedures provide: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A court must not extend the time to act under" rules 59(e) and 60(b). Fed. R. Civ. P. 6(b)(2); Weitz v. Lovelace Health Sys., Inc., 214 F.3d 1175, 1179 (10th Cir. 2000)("It is clear that the district court was not empowered to grant Appellant additional time to file her 59(e) motion."). The 28-day[2] time "period specified in Rule 59(e) is triggered by entry of the judgment, not by service of notice or other paper," thus "the three-day mail provision of Rule 6(e) is not applicable to a motion pursuant to Rule 59(e) and does not extend the [twenty-eight]-day time period under that rule." Parker v. Bd. of Pub. Util., 77 F.3d 1289, 1291 (10th Cir. 1996). Accord Heffington v. Sedgwick County Dist. Court, 214 F.App'x 800, 802 (10th Cir. 2007)(unpublished). "A motion under rule 59 that is filed more than 28 days after entry of judgment may be treated as a rule 60(b) motion for relief from judgment." Noland v. City of Albuquerque, No. 08-0056, Order Overruling the Plaintiff's Objections, Adopting in Part and Rejecting in Part the Magistrate Judge's Report and Recommendation, and Denying the Plaintiff's Motion for New Trial at 7, filed January 27, 2012 (Doc. 184)("Noland Order") (quoting 12 J. Moore, Moore's Federal Practice § 59.11[4][b], at 59-32 (3d. 2011)). The United States Court of Appeals for the Tenth Circuit has also held that a court should generally construe an untimely motion to alter, amend, or reconsider under rule 59(e) as a

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[2] The December 1, 2009 amendments to the Federal Rules of Civil Procedure "lengthened the period for filing a Rule 59(e) motion to twenty-eight days (instead of ten days)." Yost v. Stout, 607 F.3d 1239, 1242 (10th Cir. 2010).

motion for relief under rule 60(b). See Weitz v. Lovelace Health Sys., 214 F.3d at 1179.

## ANALYSIS

POP Diesel's Motion to Reconsider under rule 59(e) was not timely brought, because POP Diesel filed it five days past the twenty-eight day deadline provided in the rule. See Fed. R. Civ. P. 59(e). The Court may not extend the time period for timely filing motions under Rule 59(e), see Fed. R. Civ. P. 6(b)(2); Weitz v. Lovelace Health Sys., Inc., 214 F.3d at 1179, and no other provision applies to extend the time for filing. Additionally, at the hearing, POP Diesel admitted that there appeared to be valid rules and case law that would strongly suggest that any motion under rule 59(e) is untimely. See Tr. at 6:2-5(Convisser). POP Diesel stated that it only argued rule 60(b) in its Reply and asserted that it would not make any further argument with respect to rule 59(e). See Tr. at 5:22-6:7 (Convisser).[3] The Court will, therefore, deny POP Diesel's Motion to accept its Motion to Reconsider as one timely brought under Rule 59(e). See Parker v. Bd. of Pub. Util., 77 F.3d at 1291.

**IT IS ORDERED** that the Plaintiff's Motion to Accept Filings Under Rule 59(e) on August 22, 2011, filed August 23, 2011 (Doc. 95), is denied.

---

[3]"A motion under rule 59 that is filed more than 28 days after entry of judgment may be treated as a rule 60(b) motion for relief from judgment." Noland Order at 7. In its Motion to Reconsider and Plaintiff's Memorandum in Support of Its Motion to Reconsider Dismissal with Prejudice and for Leave to File a Third Amended Complaint, filed August 23, 2011 (Doc. 97), POP Diesel set forth the same grounds substantially the same grounds to reconsider under rule 60(b) as it does under rule 59(e). Furthermore, in the Reply, POP Diesel argues only that the Court should reconsider under rule 60(b) only. See Reply at 1-2. This memorandum opinion and order does not determine the appropriateness of reconsideration under rule 60(b), as the Court will discuss the Motion to Reconsider in another opinion, and decides only that, to the extent the Motion to Reconsider refers to rule 59(e), it was not timely filed. Accordingly, when it reviews the Motion to Reconsider, the Court will discuss rule 60(b).

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Claude D. Convisser
Santa Fe, New Mexico

-- and --

David J. Jaramillo
Maria E. Touchet
The Gaddy Jaramillo Law Firm
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Julian Brew
Kaye Scholer, LLP
Los Angeles, California

-- and --

David F. Cunningham
Thompson, Hickey, Cunningham, Clow, April & Dolan, P.A.
Santa Fe, New Mexico

 *Attorneys for Defendant ExxonMobil Corporation*

Andrew G. Schultz
Rodey, Dickason, Sloan, Akin & Robb, P. A.
Albuquerque, New Mexico

-- and --

D. Bruce Hoffman
David A. Higbee
Ryan Shores
Hunton & Williams LLP
Washington, DC

-- and --

Thomas G. Slater
Hunton & Williams LLP
Richmond, Virginia

    *Attorneys for Defendant Chevron Corporation*

George S. Cary
Steven J. Kaiser
Cleary Gottlieb Steen & Hamilton LLP
Washington, DC

*-- and --*

Michael B. Campbell
Campbell Trial Law, LLC
Santa Fe, New Mexico

    *Attorneys for Defendant Chevron Corporation Conocophillips*

John B. Pound
Long, Pound & Komer, P.A.
Santa Fe, New Mexico

*-- and --*

Thomas B. O'Brien
ASTM International
West Conshohocken, Pennsylvania

*-- and --*

Mark P. Edward
R. Brendan Fee
Morgan, Lewis & Bockius LLP
Philidelphia, Pennsylvania

    *Attorneys for Defendant ASTM International*

Daniel Laytin
Leslie S. Garthwaite
Leslie M. Smith
Sandra Maja Fabula
Kirkland & Ellis LLP
Chicago, Illinois

*-- and --*

John R. Cooney
Zachary L. McCormick
Modrall Sperling Roehl Harris & Sisk PA
Albuquerque, New Mexico

*Attorneys for Defendant BP Products North America, Inc.*